■ KIMBERLY A. LASKY, Appellant, v JOHN FORD et al., Respondents. [599 NYS2d 180] —Levine, J. Appeal from an order of the Supreme Court (Smyk, J.), entered July 28, 1992 in Broome County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff was a lessee of defendants, occupying the second floor apartment of the three-story residential building owned by them on Dennison Avenue in the City of Binghamton, Broome County. Plaintiff brought this action for personal injuries allegedly incurred as a result of an electric shock she received upon inserting the plug of her vacuum cleaner into an extension cord outlet affixed to the baseboard of a dining room wall of her apartment.

After pretrial discovery, defendants moved for summary judgment. In support of their motion they submitted the affidavit of Frank Lisi, a licensed electrician who had been retained to examine the extension cord and outlet that plaintiff stated she used to plug in the vacuum cleaner when the shock occurred. Lisi averred that upon inspection he found the outlet and extension cord free of bare wires or burn marks and that the insulation on the extension cord was completely intact without any fraying. Further, Lisi tested the voltage level of electricity running through the outlet and found that it did not exceed 120 volts, the level the outlet was designed to accept. The outlet was tested by repeatedly plugging in an electric drill and no electric shock occurred. Lisi concluded that the outlet and cord were in proper working condition and did not cause the shock plaintiff received. He opined that the shock may have been caused by plaintiff having fingers in contact with the metal prongs of the plug when she inserted it into the outlet.

The foregoing evidence submitted in admissible form consti-

tuted a prima facie defense to plaintiff's suit by proving that there was no defective electrical condition at plaintiff's apartment that proximately caused plaintiff's injury. Therefore, the burden shifted to plaintiff to come forward with admissible evidence demonstrating a triable issue of fact on whether any defective electrical conditions caused the shock she received (see, Zuckerman v City of New York, 49 NY2d 557, 562). In attempting to meet that burden, plaintiff initially submitted an affidavit of Salvadore Stagnetta, an electrical engineer, verified May 20, 1992. Stagnetta had not conducted an onsite inspection of plaintiff's apartment, but based his averments on a videotape and photographs depicting the wiring in the apartment. He described the presence in general of various code violations in the apartment by the prevalent use of extension cords, some of which were spliced together. Stagnetta posited that the shock was caused by "reverse polarity" in the outlet, i.e., the reversal of the positions of the two wires in a receptacle, which would also cause reverse polarity in "all receptacles downstream from that point, on the same circuit". Further, he pointed out that the originating receptacle with reversed wiring could have been located in the third floor apartment above plaintiff's apartment, inasmuch as a fire inspection report of the building showed that both apartments used the same distribution panel and thus were on the same circuit. Stagnetta then opined that such reverse polarity could have caused the shock plaintiff received, despite Lisi's finding of no bare or frayed wiring or deteriorated insulation with respect to the outlet plaintiff used when she received the shock. In response, defendant submitted a supplemental affidavit by Lisi regarding a second inspection in which he tested the suspect outlet for reverse polarity and found none. Furthermore, Lisi explained that, because plaintiff's vacuum cleaner concededly was in full compliance with Underwriters' Laboratory requirements, the vacuum's electrical cord end was nonpolarized and that this would have prevented the occurrence of an electric shock even if the outlet plaintiff used to plug in the vacuum had reverse polarity.

Following the submission of Lisi's supplemental affidavit, Stagnetta was afforded two successive inspections at defendants' property which included access to the electrical wiring in plaintiff's apartment, the third floor apartment and the buildings' junction boxes and electrical distribution box. Upon such inspection, Stagnetta was unable to find any condition of reverse polarity except with respect to an outlet in the bedroom of plaintiff's apartment which, however, he conceded

could not have caused reverse polarity in the suspect outlet. Thus, upon actual inspection, Stagnetta was not able to confirm the one theory (reverse polarity) he had initially proposed as explaining how plaintiff could have received an electric shock despite the good condition of the outlet and extension cord she was using.

Stagnetta's remaining assertion, that the overall electrical service in plaintiff's apartment consisting of exposed and deteriorated extension cord wiring and prolonged electrical load from the use of a single circuit for two apartments "increased the probability of an electric shock occurring", was the kind of vague, conclusory claim by an expert, unsupported by any factual exposition, that is insufficient to avoid summary judgment (see, Fallon v Hannay & Son, 153 AD2d 95, 101). Significantly, Stagnetta never contradicted Lisi's finding of the good working condition of the outlet and extension cord actually used by plaintiff when the electric shock occurred. Consequently, plaintiff's submissions were insufficient to raise a triable issue that any defective electrical condition at her apartment was the cause of her injury, and Supreme Court properly granted defendants' motion for summary judgment.

Weiss, P. J., Mercure and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.