■ LINDA ADAM, Individually and as Parent and Guardian of MICHELE PINNEY, an Infant, Respondent, v TOWN OF ONEONTA, Appellant, et al., Defendants. [629 NYS2d 857] —Yesawich

Jr., J. Appeal from that part of an order of the Supreme Court (Mugglin, J.), entered December 2, 1994 in Otsego County, which denied defendant Town of Oneonta's motion for summary judgment dismissing the complaint and all cross claims against it.

In this personal injury action, plaintiff seeks to recover for injuries sustained by her daughter as a result of a bicycle-automobile collision that occurred at the intersection of Winney Hill Road and Blanchard Street in the Town of Oneonta, Otsego County. Plaintiff contends that the accident was caused, in part, by the negligence of defendant Town of Oneonta in failing to trim or remove vegetation within its right-of-way, which restricted visibility at the intersection. In its motion for summary judgment, the Town urged that because it had not received prior written notice of the allegedly dangerous condition, or of any prior accidents at the intersection, recovery was barred by Town Law § 65-a. Additionally, it tendered the affidavit of an expert who opined that the bushes in question did not constitute a defect or an unreasonably unsafe condition, nor contribute to the happening of the accident. Supreme Court denied the motion and the Town appeals.

We affirm. Town Law § 65-a (1), applicable to actions in which a municipality is charged with negligently maintaining its highways, expressly provides that a suit may be maintained even when actual, written notice of a hazardous circumstance has not been furnished if the allegedly dangerous, defective or obstructed condition has existed for a sufficient period of time that it should have been discovered and remedied (see, Town Law § 65-a [1]; cf., Ferris v County of Suffolk, 174 AD2d 70, 71-72). The testimony of Roger Collins, the Town's Highway Superintendent—who admitted having driven by the accident site "many times" and having previously observed the bushes in essentially the same condition as they were in on the day of the accident—plainly supports a finding of constructive notice and forecloses the Town's escape from liability at this juncture because of the notice requirement (see, Ramundo v Town of Guilderland, 142 AD2d 50, 53).

The Town also contends, in essence, that it cannot be found to have breached its duty to keep its highways in a reasonably safe condition (see, White v Town of Ausable, 161 AD2d 1060, 1062) for, as attested to by its expert, a civil engineer and highway designer, the sight distances at the intersection in question at the time of the accident met the guidelines found in various traffic safety and highway design manuals. Although plaintiff's expert, Donald Belcher—also a civil engineer—is of

a different mind, the Town asserts that Belcher's affidavit must be rejected as conclusory as he has not cited any documentary authority in support of his opinion that the bushes created an "unacceptable and unreasonably dangerous" obstruction.

The argument is unpersuasive. Where, as here, the expert has personally observed the accident scene and it can be inferred from his or her qualifications that the technical basis for the resulting opinion arises from personal knowledge (*compare*, *Fallon v Hannay & Son*, 153 AD2d 95, 101-102), the extent to which that opinion differs from other authoritative sources, and the details of its technical foundation, are matters that go to weight and credibility and are better left to the trier of fact to evaluate (*see*, *Tarlowe v Metropolitan Ski Slopes*, 28 NY2d 410, 414). Moreover, the fact that the road was maintained in conformance with published safety guidelines, though constituting some evidence of due care, is not necessarily dispositive (*see*, *Miner v Long Is. Light. Co.*, 40 NY2d 372, 381).

Nor can it be said, given the driver's testimony that the infant was not visible until after she emerged from behind the bushes, at which time it was allegedly too late to avoid the collision, that the existence of this obstruction was not, as a matter of law, a proximate cause of the accident.

Crew III, Casey and Spain, JJ., concur. Mercure, J. P. (dissenting). I respectfully dissent. In my view, neither evidence that defendant Town of Oneonta was aware of the existence of vegetation within its right-of-way nor the conclusory affidavit of plaintiff's professional engineer created a factual issue justifying the denial of the Town's motion for summary judgment. I would accordingly reverse Supreme Court's order, grant summary judgment in favor of the Town and dismiss the complaint against it.

First, even accepting the premise that the Town's constructive knowledge of the existence of a dangerous, defective or obstructed condition will obviate the requirement of prior written notice (*see*, Town Law § 65-a [1]; *but see*, *Ferris v County of Suffolk*, 174 AD2d 70, 71-72), the Town's knowledge of the existence of vegetation within its right-of-way at the site of the accident is by no means equivalent to knowledge that the vegetation posed a danger. In fact, the uncontroverted evidence that the sight distances at the intersection satisfied all applicable regulations and guidelines begs the conclusion that the Town was wholly unaware of the danger alleged by plaintiff, if any such danger existed. Second, I am not persuaded that an expert's statement of his credentials and visit to an accident scene may serve as a substitute for the required "factual

exposition" (*Lasky v Ford*, 194 AD2d 978, 980; *see*, *Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533-534, n 2; *Fallon v Hannay & Son*, 153 AD2d 95, 101).

Ordered that the order is affirmed, with costs.