■ GERALD MENARD et al., Respondents, v CARL THOMAS CONSTRUCTION CORPORATION, Appellant. [666 NYS2d 966] —Mercure, J. Appeal from an order of the Supreme Court (Dawson, J.), entered February 13, 1997 in Clinton County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover for property damage allegedly caused by defendant's blasting operations in the Town of Plattsburgh, Clinton County, in late May and early June 1994. Following joinder of issue and some discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendant appeals.

We affirm. We are unpersuaded by defendant's central argument, that Supreme Court erred in considering the opinion of plaintiffs' expert, Thomas La Bombard, because he lacks the requisite professional qualifications and also because his inspection of plaintiffs' property was too far removed in time to establish a causal link between defendant's blasting and the damage alleged in the complaint. In our view, defendant's objections and frequent reference to the quality of its own evi-

dentiary showing go to the weight rather than the competence of plaintiffs' expert opinion (see, Adam v Town of Oneonta, 217 AD2d 894, 896). We conclude that, as a professional engineer with expertise in the fields of civil, structural and environmental engineering, La Bombard was qualified to render an opinion as to the likely cause of the damage to plaintiffs' property (see, Matott v Ward, 48 NY2d 455, 459) and also that his inspection of the property and its physical characteristics, and the information he gained through interviews with plaintiffs, their contractors and an individual who was present in the house at the time of the blasting, as detailed in his report, provided a sufficient "factual exposition" supporting his opinion (see, Adam v Town of Oneonta, supra; cf., Lasky v Ford, 194 AD2d 978, 980).

Defendant's remaining contentions have been considered and found to be also unavailing.

Cardona, P. J., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.