■ Leslie Moss et al., Respondents, v Town of Kingsbury, Appellant. [669 NYS2d 737] —Crew III, J. Appeal from an order of the Supreme Court (Dier, J.), entered April 24, 1997 in Washington County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action against defendant seeking to recover damages for injuries sustained by plaintiff Leslie Moss (hereinafter Moss) on September 9, 1994 as the result of a one-car accident on Dean Road in the Town of Kingsbury, Washington County.* According to Moss, as she rounded a curve in Dean Road the front right tire of her vehicle struck potholes located on the edge of the roadway, causing her to lose control, cross the centerline and strike a telephone pole. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint contending, inter alia, that it lacked constructive notice of the defect alleged. Supreme Court denied defendant's motion and this appeal ensued.

We affirm. Although plaintiffs admittedly failed to give prior written notice of the defect alleged as required by Town Law § 65-a (1), plaintiffs nonetheless may maintain this action if,

---

* Moss' spouse, plaintiff Harold Moss, asserted a derivative claim for loss of services.

insofar as is relevant to this appeal, they can establish that "such defective, unsafe, dangerous or obstructed condition existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence" (*id.*; *see*, *Adam v Town of Oneonta*, 217 AD2d 894, 895).

In support of its motion for summary judgment, defendant submitted the examination before trial testimony of its Superintendent of Highways, who stated that he traveled Dean Road "quite frequently" and did not observe any potholes at or near the accident site and, further, that no repairs had been made to that area of Dean Road between the time that he took office in January 1994 and the date of the accident. In opposition to defendant's motion, however, Moss averred that she traveled the relevant portion of Dean Road "nearly every day for over a year preceding the accident" and that there were potholes "at the base of the [curve] all the while [she] lived in that area". Moss' spouse submitted a similar affidavit. Thus, plaintiffs tendered sufficient proof in admissible form to raise a question of fact as to whether the alleged defect had existed for a sufficient period of time to permit defendant to discover and remedy it. Accordingly, Supreme Court properly denied defendant's motion for summary judgment.

Mikoll, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.