■ SUZANN GROSS, Individually and as Executrix of WILLIAM G. GROSS, M.D., Deceased, Respondent, v HERTZ LOCAL EDITION CORP. et al., Appellants. HERTZ LOCAL EDITION CORP., Third-Party Plaintiff-Respondent, v JIM CULLIGAN, INC., Third-Party Defendant-Appellant. [900 NYS2d 566]—

Appeals from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered October 29, 2008 in a wrongful death and personal injury action. The order, inter alia, denied the motion of defendant Hertz Local Edition Corp. for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting in part the motion of defendant Hertz Local Edition Corp. and dismissing the negligence cause of action against it insofar as that cause of ac-

tion is based on the allegedly hazardous condition of the parking lot in question and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced these actions, which subsequently were consolidated, seeking damages for the wrongful death and conscious pain and suffering of her husband (decedent), who died as a result of a head injury he sustained in the parking lot of an automobile dealership owned by defendant Jim Culligan, Inc. (Culligan). On the day of the accident, decedent brought his leased vehicle to Culligan for repairs and arranged to rent a vehicle from defendant Hertz Local Edition Corp. (Hertz), which used office space in Culligan's service area and parked its rental vehicles in Culligan's parking lot. Decedent slipped and fell on a patch of ice as he walked across the parking lot in the direction of his rental vehicle.

The complaint against Hertz asserts a cause of action sounding in negligence based on the allegedly hazardous condition of the parking lot and, as amplified by the amended bill of particulars, also based on the alleged failure of Hertz to obtain medical attention for decedent promptly after his fall. The complaint against Culligan, on the other hand, asserts a cause of action sounding in negligence based both on the allegedly hazardous condition of the parking lot and Culligan's alleged failure to obtain medical attention for decedent promptly after his fall. Supreme Court properly denied that part of the motion of each defendant seeking summary judgment dismissing the negligence cause of action against it insofar as that cause of action is based on the alleged failure to obtain medical attention for decedent promptly after his fall. Neither Culligan nor Hertz addressed that basis for the negligence cause of action in each complaint in their initial submissions in support of their respective motions, and thus the burden never shifted to plaintiff to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). "Defendants' reply papers could not serve to supplement their initial moving papers inasmuch as it is well established that [t]he function of [reply papers] is to address arguments made in opposition to the position taken by the movant[s] and not to permit [them] to introduce new arguments in support of the motion" (Paul v Cooper, 45 AD3d 1485, 1486 [2007] [internal quotation marks omitted]).

We further conclude that the court properly denied that part of the motion of Culligan seeking summary judgment dismissing the negligence cause of action against it insofar as that cause of action is based on the allegedly hazardous condition of

the parking lot. Culligan failed to meet its initial burden of establishing that it lacked constructive notice of the condition that caused decedent's fall (*see Walter v United Parcel Serv., Inc.*, 56 AD3d 1187, 1188 [2008]; *Conklin v Ulm*, 41 AD3d 1290, 1291 [2007]). In any event, we conclude on the record before us that there is an issue of fact with respect to constructive notice, based on the affidavit of plaintiff's expert meteorologist concerning the icy condition of the parking lot (*see Walter*, 56 AD3d at 1188).

The court erred, however, in denying that part of the motion of Hertz seeking summary judgment dismissing the negligence cause of action against it insofar as that cause of action is based on the allegedly hazardous condition of the parking lot. Hertz met its initial burden by submitting evidence that it did not own, occupy or have a right to control or maintain the area of the parking lot where decedent fell, thereby establishing as a matter of law that it owed "no duty of care with respect to any unsafe condition existing there" (*Masterson v Knox*, 233 AD2d 549, 550 [1996]). Neither plaintiff nor Culligan raised a triable issue of fact to defeat that part of the motion of Hertz. We therefore modify the order accordingly. Present—Centra, J.P., Peradotto, Lindley and Green, JJ.