# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

562

CA 10-02522

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GREEN, JJ.

---

GINNETTE HORAN, PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

TOWN OF TONAWANDA, DEFENDANT-RESPONDENT.

---

LAW OFFICES OF EUGENE C. TENNEY, BUFFALO (LAURA C. DOOLITTLE OF COUNSEL), FOR PLAINTIFF-APPELLANT.

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered February 22, 2010 in a personal injury action. The order granted the motion of defendant for summary judgment dismissing the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she tripped over a pothole in a road owned and maintained by defendant. Contrary to plaintiff's contention, Supreme Court properly granted defendant's motion for summary judgment dismissing the amended complaint. Pursuant to Town Law § 65-a (1), a town may be liable for a dangerous highway condition if it had either prior written notice or constructive notice of the dangerous condition. Town of Tonawanda Code (Town Code) § 68-2 (A) provides, however, that defendant may be liable only if it had prior written notice of the dangerous condition. In support of its motion, defendant established as a matter of law that it lacked prior written notice of the pothole, but it failed even to address whether it lacked constructive notice thereof. Plaintiff thus contends that defendant failed to meet its initial burden on the motion.

As plaintiff correctly notes, Highway Law § 139 (2), which applies to counties, contains provisions that are similar to Town Law § 65-a (1), and it is well established that a county's local law containing a notice requirement "must be interpreted in conjunction with Highway Law § 139 (2) to permit an action against the [c]ounty based on constructive notice of a dangerous highway condition" (*Tanner W. v County of Onondaga*, 225 AD2d 1074, 1074; *see Napolitano v Suffolk County Dept. of Pub. Works*, 65 AD3d 676, 677; *DeHoust v Aakjar*, 290 AD2d 927, 927-928, *lv dismissed* 98 NY2d 692; *see generally Carlino v*

*City of Albany*, 118 AD2d 928, 929-930, *lv denied* 68 NY2d 606). The rationale underlying those cases is that a county's local law cannot supersede a general state law (*see DeHoust*, 290 AD2d at 928; *see generally* NY Const, art IX, § 3 [d] [1]; *Kamhi v Town of Yorktown*, 74 NY2d 423).

Nevertheless, Municipal Home Rule Law § 10 (1) (ii) (d) (3), which is also a general state law, specifically permits a town, as opposed to a county (*see* § 10 [1] [ii] [b]), to amend or supersede through its local laws any provision of the Town Law relating to the property of the town "notwithstanding that such provision is a general law, unless the legislature expressly shall have prohibited the adoption of such a local law . . . ." Because the Legislature has not expressly prohibited defendant from enacting a more restrictive notice requirement than that contained in Town Law § 65-a (1), defendant was entitled to do so (*see Bacon v Arden*, 244 AD2d 940, 940-941; *Canzano v Town of Gates*, 85 AD2d 878, 879; *see generally Walker v Town of Hempstead*, 190 AD2d 364, 369-370, *affd* 84 NY2d 360). The notice provisions of Town Code § 68-2 (A) are thus valid and, contrary to plaintiff's contention, defendant was not required to establish that it lacked constructive notice of the pothole in order to establish its entitlement to summary judgment dismissing the amended complaint.

Contrary to plaintiff's further contention, defendant was not required to establish that it did not create the dangerous condition through an affirmative act of negligence in order to establish its entitlement to summary judgment. There are two recognized exceptions to the prior written notice rules, i.e., "where the locality created the defect or hazard through an affirmative act of negligence . . . and where a 'special use' confers a special benefit upon the locality" (*Amabile v City of Buffalo*, 93 NY2d 471, 474). Where, as here, there is a prior written notice provision, a municipal defendant meets its initial burden by establishing that it did not receive prior written notice of the allegedly dangerous condition, and the burden then shifts to the plaintiff to raise a triable issue of fact whether one of the exceptions applies (*see Gold v County of Westchester*, 15 AD3d 439, 440). The affirmative negligence exception, relied upon by plaintiff in this case, is "limited to work by the [locality] that immediately results in the existence of a dangerous condition" (*Bielecki v City of New York*, 14 AD3d 301, 301), and does not apply to conditions that develop over time, such as the pothole in question (*see Torres v City of New York*, 39 AD3d 438; *Gold*, 15 AD3d at 440). We thus conclude that plaintiff failed to raise a triable issue of fact whether the affirmative negligence exception applies.

Entered: April 29, 2011                    Patricia L. Morgan
                                           Clerk of the Court