# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**718**
**CA 11-02554**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

CAROL D. CONTI, PLAINTIFF-RESPONDENT,

V                                                       MEMORANDUM AND ORDER

TOWN OF CONSTANTIA, DEFENDANT-APPELLANT.

---

SHANTZ & BELKIN, LATHAM (TODD C. ROBERTS OF COUNSEL), FOR
DEFENDANT-APPELLANT.

---

Appeal from an order of the Supreme Court, Oswego County (James
W. McCarthy, J.), entered March 9, 2011 in a personal injury action.
The order denied in part defendant's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries she sustained when she fell on a road owned and maintained by
defendant.  Defendant thereafter moved for summary judgment dismissing
the complaint on the grounds that it had no prior written notice of
the alleged defect as required by Town Law § 65-a, and that it was not
negligent with respect to plaintiff's contention that there was
inadequate lighting.  Supreme Court granted the motion insofar as the
complaint alleged that there was inadequate lighting but otherwise
denied the motion on the ground that defendant failed to meet its
initial burden of establishing that it lacked constructive notice of
the alleged defect, as required by Town Law § 65-a.  We affirm.

"Pursuant to Town Law § 65-a (1), a town may be liable for a
dangerous highway condition if it had either prior written notice or
constructive notice of the dangerous condition" (*Horan v Town of
Tonawanda*, 83 AD3d 1565, 1565; *see Moss v Town of Kingsbury*, 248 AD2d
797, 797-798; *Adam v Town of Oneonta*, 217 AD2d 894, 895).  In support
of its motion, defendant established as a matter of law that it had no
prior written notice of the alleged dangerous condition of the road,
but it failed even to address whether it lacked constructive notice
thereof.  Thus, defendant failed to establish its entitlement to
judgment as a matter of law pursuant to Town Law § 65-a (1) because it
failed to meet its initial burden with respect to the constructive
notice prong of the statute (*see id.*; *Horan*, 83 AD3d at 1566-1567; *see
also Moss*, 248 AD2d at 797-798; *Adam*, 217 AD2d at 895).  "Failure to
make such prima facie showing requires a denial of the motion,
regardless of the sufficiency of the opposing papers" (*Alvarez v
Prospect Hosp.*, 68 NY2d 320, 324, citing *Winegrad v New York Univ.*

*Med. Ctr.*, 64 NY2d 851, 853). Further, defendant's " 'reply papers [cannot] serve to supplement [its] initial moving papers inasmuch as it is well established that [t]he function of [reply papers] is to address arguments made in opposition to the position taken by the movant[] and not to permit [it] to introduce new arguments in support of the motion' " (*Gross v Hertz Local Edition Corp.*, 72 AD3d 1518, 1519). Finally, defendant's contention that it is entitled to summary judgment dismissing the complaint in its entirety on the ground that the road was not maintained in a dangerous or defective condition is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  June 8, 2012                          Frances E. Cafarell
                                                 Clerk of the Court