Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, J.), entered March 9, 2011 in a personal injury action. The order denied in part defendant’s motion for summary judgment.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she fell on a road owned and maintained by defendant. Defendant thereafter moved for summary judgment dismissing the complaint on the grounds that it had no prior written notice of the alleged defect as required by Town Law § 65-a, and that it was not negligent with respect to plaintiffs contention that there was inadequate lighting. Supreme Court granted the motion insofar as the complaint alleged that there was inadequate lighting but otherwise denied the motion on the ground that defendant failed to meet its initial burden of establishing that it lacked constructive notice of the alleged defect, as required by Town Law § 65-a. We affirm.
“Pursuant to Town Law § 65-a (1), a town may be liable for a dangerous highway condition if it had either prior written notice or constructive notice of the dangerous condition” (Horan v Town of Tonawanda, 83 AD3d 1565, 1565 [2011]; see Moss v Town of Kingsbury, 248 AD2d 797, 797-798 [1998]; Adam v *1462 Town of Oneonta, 217 AD2d 894, 895 [1995]). In support of its motion, defendant established as a matter of law that it had no prior written notice of the alleged dangerous condition of the road, but it failed even to address whether it lacked constructive notice thereof. Thus, defendant failed to establish its entitlement to judgment as a matter of law pursuant to Town Law § 65-a (1) because it failed to meet its initial burden with respect to the constructive notice prong of the statute (see id.; Horan, 83 AD3d at 1566-1567; see also Moss, 248 AD2d at 797-798; Adam, 217 AD2d at 895). “Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers” (Alvarez v Prospect Hosp., 68 NY2d 320, 324, citing Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Further, defendant’s “ ‘reply papers [cannot] serve to supplement [its] initial moving papers inasmuch as it is well established that [t]he function of [reply papers] is to address arguments made in opposition to the position taken by the movant[ ] and not to permit [it] to introduce new arguments in support of the motion’ ” (Gross v Hertz Local Edition Corp., 72 AD3d 1518, 1519 [2010]). Finally, defendant’s contention that it is entitled to summary judgment dismissing the complaint in its entirety on the ground that the road was not maintained in a dangerous or defective condition is raised for the first time on appeal and thus is not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [1994]). Present — Scudder, P.J., Centra, Peradotto, Carni and Lindley, JJ.