# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**99**
**CA 12-00973**
PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

RICHARD F. CHRISTY, JR., PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CITY OF NIAGARA FALLS, DEFENDANT-APPELLANT.

---

CRAIG H. JOHNSON, CORPORATION COUNSEL, NIAGARA FALLS (CHRISTOPHER M. MAZUR OF COUNSEL), FOR DEFENDANT-APPELLANT.

GIBSON MCASKILL & CROSBY, LLP, BUFFALO (KRISTIN A. TISCI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County (Catherine R. Nugent Panepinto, J.), entered February 16, 2012. The order, insofar as appealed from, denied the cross motion of defendant for summary judgment.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the cross motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he was thrown from his motorcycle upon hitting a pothole. Supreme Court denied both plaintiff's motion for partial summary judgment on liability and defendant's cross motion for summary judgment dismissing the complaint. We agree with defendant that the court erred in denying its cross motion. Defendant municipality met its initial burden by establishing that it lacked prior written notice under the applicable pothole law, and plaintiff thus had the burden to demonstrate, as relevant here, that defendant "affirmatively created the defect through an act of negligence . . . 'that immediately result[ed] in the existence of a dangerous condition' " (*Yarborough v City of New York*, 10 NY3d 726, 728; *see Lastowski v V.S. Virkler & Son, Inc.*, 64 AD3d 1159, 1161). Even assuming, arguendo, that defendant "performed the negligent pothole repair" without a tack coat over brick and steel rails (*Yarborough*, 10 NY3d at 728), we note that the statements of plaintiff's experts concerning the defective nature of the repair were dependent upon the passage of time to allow for weather and traffic. We thus conclude that plaintiff failed to raise an issue of fact whether defendant thereby created a defective condition within the meaning of the affirmative act of negligence exception (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). The additional requirement of weather or traffic conditions precludes application of that exception

because it cannot be said that the defective condition necessarily " 'immediately result[ed]' " from the repair (*Davison v City of Buffalo*, 96 AD3d 1516, 1518). Furthermore, defendant's purported negligent road construction, which occurred more than 20 years before plaintiff's accident, also did not immediately result in the existence of a defective condition (*see id.*).

Entered: February 8, 2013                                  Frances E. Cafarell
                                                            Clerk of the Court