Appeal from an order of the Supreme Court, Yates County (Dennis F. Bender, A.J.), entered September 4, 2012 in a personal injury action. The order denied defendant’s motion for summary judgment dismissing the complaint.
It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when her right leg fell into a hole on the shoulder of the gravel road located approximately 75 to 100 feet south of the driveway to her residence. At the time of the accident, plaintiff was watching defendant’s highway crew clean out the ditches around the area of a culvert that was going to be replaced the following week. According to plaintiff, the gravel along the edge of the road where she was walking suddenly gave way and caused her to slide down the road into a hole. Supreme Court erred in denying defendant’s motion for summary judgment dismissing the complaint. Defendant met its burden by establishing that it did not receive prior written notice of the dangerous condition as required by its local law (see Weinfeld v Roth Assoc. [appeal No. 2], 177 AD2d 977, 978 [1991]). The burden thus shifted to plaintiff “to demonstrate the applicability of one of two recognized exceptions to the rule — that the municipality af *1142 firmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality” (Yarborough v City of New York, 10 NY3d 726, 728 [2008], citing Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]). As limited by her brief on appeal, plaintiff contends only that defendant had actual notice of the allegedly dangerous condition, thus abandoning her contention before the court that defendant created the condition (see Gilbert v Evangelical Lutheran Church in Am., 43 AD3d 1287, 1288 [2007], lv denied 9 NY3d 815 [2007]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [1994]). However, contrary to the contention of plaintiff and the court’s determination, actual notice of a defect is not an exception to the prior written notice requirement (see Minew v City of New York, 106 AD3d 1060, 1061-1062 [2013]; Palo v Town of Fallsburg, 101 AD3d 1400, 1401 [2012], lv denied 20 NY3d 862 [2013]; Rile v City of Syracuse, 56 AD3d 1270, 1271 [2008]; Oswald v City of Niagara Falls, 13 AD3d 1155, 1157 [2004]). Present — Scudder, P.J., Smith, Centra, Carni and Whalen, JJ.