# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1018

CA 13-02029

PRESENT: CENTRA, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

DANIEL E. BRICK, AS TRUSTEE IN BANKRUPTCY FOR
DEBORAH L. HUFF AND LEWIS R. HUFF, JR.,
PLAINTIFF-APPELLANT,

V                                                      MEMORANDUM AND ORDER

CITY OF NIAGARA FALLS, DEFENDANT-RESPONDENT.

---

HOGAN WILLIG, PLLC, AMHERST (DIANE TIVERON OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

CRAIG H. JOHNSON, CORPORATION COUNSEL, NIAGARA FALLS (DOUGLAS A.
JANESE, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered February 11, 2013. The order, among other things, granted defendant's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Deborah L. Huff and Lewis R. Huff, Jr. commenced this action to recover damages for injuries sustained by Deborah in a motor vehicle accident on one of defendant's roads. The complaint alleged that the injuries were caused by the negligence of defendant inasmuch as defendant failed to, inter alia, remedy the accumulation of snow and ice on the road. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Defendant met its initial burden on the motion by establishing as a matter of law that it did not receive prior written notice of a dangerous or defective condition, and the burden shifted to plaintiff to demonstrate the applicability of an exception to that requirement, i.e., as relevant herein, that defendant "affirmatively created" the dangerous or defective condition through an act of negligence (*Yarborough v City of New York*, 10 NY3d 726, 728; *see Pulver v City of Fulton Dept. of Pub. Works*, 113 AD3d 1066, 1066-1067). We conclude that plaintiff failed to meet his burden (*see Agrusa v Town of Liberty*, 291 AD2d 620, 621; *Gorman v Ravesi*, 256 AD2d 1134, 1135; *cf. San Marco v Village/Town of Mount Kisco*, 16 NY3d 111, 118, *rearg denied* 16 NY3d 796; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562). We reject plaintiff's further contention that it was impossible for the Huffs to comply with the prior written notice provision set forth in defendant's City Charter (*see San Marco*, 16

NY3d at 116).

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court