# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1237**
**CA 14-00652**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

DAVID P. CRAIG, PLAINTIFF-RESPONDENT,

V                                                MEMORANDUM AND ORDER

TOWN OF RICHMOND, DEFENDANT-APPELLANT.

---

LYNCH LAW OFFICE, SYRACUSE, CONGDON, FLAHERTY, O'CALLAGHAN, REID, DONLON, TRAVIS & FISHLINGER, UNIONDALE (CHRISTINE GASSER OF COUNSEL), FOR DEFENDANT-APPELLANT.

FARACI LANGE, LLP, ROCHESTER (JOSEPH A. REGAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Ontario County (William F. Kocher, A.J.), entered December 20, 2013. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety, and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking, inter alia, damages for injuries he sustained when he was thrown from his motorcycle on a road owned and maintained by defendant. Defendant moved for summary judgment dismissing the complaint, and Supreme Court granted the motion except with respect to plaintiff's claims that defendant failed to install adequate signs warning of the allegedly rough road conditions. We conclude that the court should have granted the motion in its entirety.

Defendant met its initial burden on the motion by establishing that it did not receive prior written notice of the allegedly dangerous or defective condition of the roadway as required by its local law (*see Hume v Town of Jerusalem*, 114 AD3d 1141, 1141; *Benson v City of Tonawanda*, 114 AD3d 1262, 1263) and, indeed, plaintiff does not dispute the absence of prior written notice (*see Sola v Village of Great Neck Plaza*, 115 AD3d 661, 662; *Forbes v City of New York*, 85 AD3d 1106, 1107). The burden thus shifted to plaintiff to demonstrate the applicability of an exception to that requirement (*see Brick v City of Niagara Falls*, 121 AD3d 1591, ___; *Hume*, 114 AD3d at 1141-1142; *Pulver v City of Fulton Dept. of Public Works*, 113 AD3d 1066, 1066). We agree with defendant that plaintiff failed to meet his burden (*see Brick*, 121 AD3d at ___; *Pulver*, 113 AD3d at 1067).

Although plaintiff is correct that prior written notice laws "do [ ] not apply to a municipality's failure to erect proper speed limit or other traffic control signs" (*Herzog v Schroeder*, 9 AD3d 669, 671; *see Alexander v Eldred*, 63 NY2d 460, 467; *Doremus v Incorporated Vil. of Lynbrook*, 18 NY2d 362, 365-366), or to similar claims alleging negligence in the design or construction of a roadway (*see Hughes v Jahoda*, 75 NY2d 881, 883; *Hubbard v County of Madison*, 93 AD3d 939, 943, *lv denied* 19 NY3d 805), that principle does not apply here. Rather, plaintiff claims that defendant failed to erect signs warning motorists of the "*condition of the pavement*" i.e., a condition that requires prior written notice under defendant's local law and for which no such notice was provided (*see Hughes*, 75 NY2d at 882; *Bacon v Arden*, 244 AD2d 940, 940-941). We agree with defendant that it has no "duty to place a warning sign for 'a condition that would not normally come to its attention absent actual notice' " (*Bacon*, 244 AD2d at 941).

Entered:  November 21, 2014                          Frances E. Cafarell
                                                    Clerk of the Court