# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**60**
**CA 16-01225**
PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND CURRAN, JJ.

---

JEFFREY SIMPSON, PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

CITY OF SYRACUSE, DEFENDANT-APPELLANT.

---

ROBERT P. STAMEY, CORPORATION COUNSEL, SYRACUSE (TODD M. LONG OF COUNSEL), FOR DEFENDANT-APPELLANT.

SIDNEY P. COMINSKY, LLC, SYRACUSE (SIDNEY P. COMINSKY OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered March 29, 2016.  The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum:  Plaintiff commenced this action seeking damages for injuries he sustained when he tripped and fell on a sidewalk owned and maintained by defendant.  We agree with defendant that Supreme Court erred in denying its motion for summary judgment dismissing the complaint.  Defendant met its initial burden by establishing that it did not receive prior written notice of the allegedly dangerous or defective condition of the sidewalk as required by its local law (*see Craig v Town of Richmond*, 122 AD3d 1429, 1429; *Benson v City of Tonawanda*, 114 AD3d 1262, 1263; *Davison v City of Buffalo*, 96 AD3d 1516, 1518), and plaintiff does not dispute the absence of prior written notice (*see Craig*, 122 AD3d at 1429; *Sola v Village of Great Neck Plaza*, 115 AD3d 661, 662).  The burden thus shifted to plaintiff to demonstrate, as relevant here, that defendant "affirmatively created the defect through an act of negligence . . . 'that immediately result[ed] in the existence of a dangerous condition' " (*Yarborough v City of New York*, 10 NY3d 726, 728; *see Christy v City of Niagara Falls*, 103 AD3d 1234, 1234; *Horan v Town of Tonawanda*, 83 AD3d 1565, 1566-1567).  We agree with defendant that plaintiff failed to meet his burden (*see Christy*, 103 AD3d at 1234-1235; *Duffel v City of Syracuse*, 103 AD3d 1235, 1235-1236).  Plaintiff failed to present any evidence that the depression in the bricks was present immediately after completion of the work following removal of the temporary traffic pole (*see Duffel*, 103 AD3d at 1236), and it is well settled that the affirmative negligence exception "does not apply to

conditions that develop over time" (*Horan*, 83 AD3d at 1567; *see Christy*, 103 AD3d at 1234-1235; *Davison*, 96 AD3d at 1518).

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court