Burke v City of Rochester (2018 NY Slip Op 00769)





Burke v City of Rochester


2018 NY Slip Op 00769


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1532 CA 17-01107

[*1]URSULA BURKE, PLAINTIFF-RESPONDENT,
v
CITY OF ROCHESTER, DEFENDANT-APPELLANT. 






BRIAN F. CURRAN, CORPORATION COUNSEL, ROCHESTER (CHRISTOPHER S. NOONE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered November 7, 2016. The order denied the motion of defendant for summary judgment dismissing the complaint and granted the cross motion of plaintiff to compel certain depositions. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the cross motion is denied, the motion is granted and the complaint is dismissed.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she allegedly sustained when she stepped into a snow covered area between the street curb and the sidewalk in front of her home. She alleges that her foot went through the snow and into a sinkhole, causing, inter alia, injuries to her knee. A year earlier, defendant performed a "lawn cut" in the area where plaintiff fell, and plaintiff alleges that defendant's negligence in performing the work resulted in a dangerous or defective condition. We agree with defendant that Supreme Court erred in denying its motion for summary judgment dismissing the complaint.
Defendant met its initial burden on the motion by establishing that it did not receive prior written notice of the allegedly dangerous or defective condition as required by Rochester City Charter § 7-13 (see Pulver v City of Fulton Dept. of Pub. Works, 113 AD3d 1066, 1066 [4th Dept 2014]; Hall v City of Syracuse, 275 AD2d 1022, 1023 [4th Dept 2000]) and, in opposition to the motion, plaintiff did not dispute the absence of prior written notice. The burden thus shifted to plaintiff to demonstrate, as relevant here, that defendant "affirmatively created the defect through an act of negligence . . . that immediately result[ed] in the existence of a dangerous condition" (Yarborough v City of New York, 10 NY3d 726, 728 [2008] [internal quotation marks omitted]; see Simpson v City of Syracuse, 147 AD3d 1336, 1337 [4th Dept 2017]; Christy v City of Niagara Falls, 103 AD3d 1234, 1234 [4th Dept 2013]). We agree with defendant that plaintiff failed to meet her burden (see Simpson, 147 AD3d at 1337; Christy, 103 AD3d at 1235; Horan v Town of Tonawanda, 83 AD3d 1565, 1567 [4th Dept 2011]). Although plaintiff submitted evidence that defendant may have created the sinkhole by improperly excavating and backfilling the excavated area, we agree with defendant that plaintiff failed to proffer evidence that the depression "was present immediately after completion of the work" (Simpson, 147 AD3d at 1337 [emphasis added]). Indeed, it is well settled that the affirmative negligence exception " does not apply to conditions that develop over time' " (id.; see Christy, 103 AD3d at 1234-1235; Horan, 83 AD3d at 1567).
In light of our determination, plaintiff's cross motion to compel certain depositions must be denied as moot (see State of New York v Peerless Ins. Co., 108 AD2d 385, 392 [1st Dept 1985], affd 67 NY2d 845 [1986]), and we do not reach defendant's remaining contentions.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court