Hernandez v City of Syracuse (2018 NY Slip Op 06351)





Hernandez v City of Syracuse


2018 NY Slip Op 06351


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


904 CA 18-00563

[*1]MARY HERNANDEZ, PLAINTIFF-RESPONDENT,
v
CITY OF SYRACUSE, DEFENDANT-APPELLANT. 






KRISTEN E. SMITH, CORPORATION COUNSEL, SYRACUSE (MARY L. D'AGOSTINO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREENE & REID, PLLC, SYRACUSE (JUSTIN P. ST. LOUIS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered February 1, 2018. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, defendant's motion is granted and the complaint is dismissed.
Memorandum: Plaintiff broke her ankle when she tripped on a deformed sidewalk in defendant City of Syracuse. Plaintiff thereafter commenced this negligence action, and defendant moved for summary judgment dismissing the complaint on the ground that it did not receive prior written notice of the alleged defect. Supreme Court denied the motion, and we now reverse.
Defendant met its initial burden on the motion by establishing that it did not receive prior written notice of the allegedly defective sidewalk as required by Syracuse City Charter § 8-115 (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Craig v Town of Richmond, 122 AD3d 1429, 1429 [4th Dept 2014]; Hall v City of Syracuse, 275 AD2d 1022, 1023 [4th Dept 2000]). Contrary to plaintiff's contention, "it is well established that [a] verbal or telephonic communication to a municipal body that is reduced to writing [does not] satisfy a prior written notice requirement' " (Tracy v City of Buffalo, 158 AD3d 1094, 1094 [4th Dept 2018], quoting Gorman v Town of Huntington, 12 NY3d 275, 280 [2009]), and "it is not this Court's prerogative to overrule or disregard a precedent of the Court of Appeals" (Calcano v Rodriguez, 91 AD3d 468, 469 [1st Dept 2012]). Contrary to the court's determination, "constructive notice of the allegedly dangerous condition is not an exception to the requirement of prior written notice contained in the [Syracuse] City Charter" (Hall, 275 AD2d at 1023; see Amabile v City of Buffalo, 93 NY2d 471, 475-476 [1999]).
In opposition, plaintiff failed to raise a triable issue of fact concerning whether defendant "affirmatively created the defect through an act of negligence . . . that immediately result[ed] in the existence of a dangerous condition" (Yarborough, 10 NY3d at 728 [internal quotation marks omitted]), and mere "speculation that [defendant] created the allegedly dangerous condition is insufficient to defeat the motion" (Hall, 275 AD2d at 1023; see Mallory v City of New Rochelle, 41 AD3d 556, 557 [2d Dept 2007]).
We have considered and rejected plaintiff's various challenges to the admissibility of the affidavits of defendant's employees. Defendant's remaining contentions are academic in light of our determination.
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court