DeMaioribus v Town of Cheektowaga (2020 NY Slip Op 06620)





DeMaioribus v Town of Cheektowaga


2020 NY Slip Op 06620


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


732 CA 19-00901

[*1]SUSAN DEMAIORIBUS AND LOUIS DEMAIORIBUS, PLAINTIFFS-APPELLANTS,
v
TOWN OF CHEEKTOWAGA, DEFENDANT-RESPONDENT. 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (KEVIN E. LOFTUS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered April 18, 2019. The order granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this negligence action seeking to recover damages for injuries sustained by Susan DeMaioribus (plaintiff) when she slipped and fell on the final step at the top of an outdoor stairway that connected a sidewalk to the entrance of defendant Town of Cheektowaga's town hall (building). The final step was on the same level as the building's entrance, and plaintiff alleged that she slipped on an accumulation of ice as she entered the building. Defendant moved for summary judgment dismissing the complaint on the ground that the step was covered by its prior written notice requirement (Code of the Town of Cheektowaga § 168-2), and that defendant had not received prior written notice of the allegedly dangerous condition. Plaintiffs appeal from an order granting the motion and dismissing the complaint. We affirm.
"It is well settled that where, as here, a municipality has enacted a prior written notice provision . . . , compliance with that provision is a condition precedent to tort actions against that municipality" (Beagle v City of Buffalo, 178 AD3d 1363, 1365 [4th Dept 2019]; see Amabile v City of Buffalo, 93 NY2d 471, 473-474 [1999]). A defendant can meet its initial burden on the motion by "establishing that it did not receive prior written notice of the allegedly dangerous condition" (Horan v Town of Tonawanda, 83 AD3d 1565, 1567 [4th Dept 2011]). In opposition, a plaintiff can defeat the motion by, inter alia, "rais[ing] a triable issue of fact whether one of the exceptions [to the notice requirement] applies" (id.).
Defendant's prior written notice requirement applies to, inter alia, "injuries to person[s] . . . sustained in consequence of any . . . sidewalk or crosswalk . . . [being] dangerous or obstructed or in consequence of snow and ice" (Code of the Town of Cheektowaga § 168-2). A stairway, although not explicitly mentioned by the statute, may be subject to the notice requirement when the stairway " 'functionally fulfills the same purpose that a standard sidewalk would serve' " (Hinton v Village of Pulaski, 33 NY3d 931, 932 [2019]; see Woodson v City of New York, 93 NY2d 936, 937-938 [1999]). A functional equivalent of a standard sidewalk is an area that " 'provide[s] a passageway for the public' " (Hinton, 33 NY3d at 932; see Loiaconi v Village of Tarrytown, 36 AD3d 864, 865-866 [2d Dept 2007]).
Here, defendant met its prima facie burden on the motion by offering evidence that it never received prior written notice about the stairway's condition (see Craig v Town of [*2]Richmond, 122 AD3d 1429, 1429 [4th Dept 2014]; Horan, 83 AD3d at 1567). In opposition, plaintiffs do not dispute that showing or argue that an exception to the prior written notice requirement applies. Rather, they argue that the site of the accident was not covered by the prior written notice requirement because it was a part of the entranceway of the building, and was not part of the stairway. We reject that contention because plaintiff slipped on the final step of the stairway, which served the same purpose as the preceding steps or landing which, together with the sidewalk below that led to the bottom of the stairway, provided passage for the public from a parking lot to the building. Thus, the stairway and final step are the functional equivalent of the sidewalk for purposes of defendant's prior written notice requirement (see Hinton, 33 NY3d at 932; Loiaconi, 36 AD3d at 865-866). We therefore conclude that Supreme Court properly granted the motion because, in opposition, plaintiff did not raise a question of fact whether the prior written notice requirement was inapplicable to the site of the accident (see Code of the Town of Cheektowaga § 168-2; Hinton, 33 NY3d at 933; Woodson, 93 NY2d at 937-938; Donnelly v Village of Perry, 88 AD2d 764, 765 [4th Dept 1982]).
In light of the foregoing, plaintiffs' remaining contentions are academic.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court