Coffey v City of Corning (2023 NY Slip Op 00560)

Coffey v City of Corning

2023 NY Slip Op 00560

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

844 CA 22-00212

[*1]ISABEL M. COFFEY AND CALVIN COFFEY, PLAINTIFFS-RESPONDENTS,
v
CITY OF CORNING, DEFENDANT-APPELLANT. 

GERBER CIANO KELLY BRADY LLP, GARDEN CITY (BRENDAN T. FITZPATRICK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WELCH, DONLON & CZARPLES, PLLC, CORNING (MEGAN K. COLLINS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Steuben County (Patrick F. McAllister, A.J.), entered August 18, 2021. The order denied defendant's motion for summary judgment dismissing the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the amended complaint is dismissed.
Memorandum: Plaintiffs commenced this negligence action seeking damages for injuries that plaintiff Isabel M. Coffey allegedly sustained when she slipped and fell on ice in a parking lot owned and operated by defendant. Defendant moved for summary judgment dismissing the amended complaint, contending, among other things, that it had not received prior written notice of the allegedly dangerous condition, as required by the Code of the City of Corning § 200-9. Defendant now appeals from an order denying the motion. We reverse.
Where a municipality meets its initial burden on its summary judgment motion by establishing that it had not received prior written notice as required by its prior notification law (see DeMaioribus v Town of Cheektowaga, 188 AD3d 1643, 1643 [4th Dept 2020]), the burden shifts to plaintiffs to show that an issue of fact exists whether defendant had received prior written notice or " 'to demonstrate the applicability of one of [the] two recognized exceptions to the [prior written notice] rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality' " (Hume v Town of Jerusalem, 114 AD3d 1141, 1141-1142 [4th Dept 2014], quoting Yarborough v City of New York, 10 NY3d 726, 728 [2008]; see Groninger v Village of Mamaroneck, 17 NY3d 125, 129 [2011]).
We agree with defendant that it met its initial burden of showing that it had not received the requisite prior written notice and that plaintiffs failed to raise a triable issue of fact with respect to that issue. Moreover, the evidence submitted by plaintiffs failed to raise a triable issue of fact whether defendant affirmatively created the dangerous condition through an act of negligence (see generally Brockway v County of Chautauqua, 187 AD3d 1674, 1674-1675 [4th Dept 2020]) or "derive[d] a special benefit from th[e] property unrelated to the public use" (Poirier v City of Schenectady, 85 NY2d 310, 315 [1995]; see generally D'Antuono v Village of Saugerties, 101 AD3d 1331, 1332-1333 [3d Dept 2012]; Loiaconi v Village of Tarrytown, 36 AD3d 864, 865 [2d Dept 2007]). Therefore plaintiffs failed to raise a triable issue of fact whether either exception to the prior written notice rule applies (see Duffel v City of Syracuse, 103 AD3d 1235, 1235-1236 [4th Dept 2014]). We additionally conclude that there is no merit to plaintiffs' assertion "that the [City]'s prior written notice statute is inapplicable because the [City] acted in a proprietary capacity" (Belluck v Town of North Hempstead, 193 AD3d 669, 670 [*2][2d Dept 2021]; see Creutzberger v County of Suffolk, 140 AD3d 915, 916-917 [2d Dept 2016]; see generally Wittorf v City of New York, 23 NY3d 473, 480 [2014]).
Defendant's remaining contentions are moot in light of our determination.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court