■ ISABELLE E. WISNOWSKI, Appellant, v CITY OF SYRACUSE, Respondent, et al., Defendant. [624 NYS2d 329] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to recover for injuries she allegedly sustained when she fell on a sidewalk in the City of Syracuse. Supreme Court properly granted summary judgment to defen-

dant City of Syracuse (City). The City met its initial burden of establishing its entitlement to judgment as a matter of law by submitting proof in admissible form that prior written notice of the allegedly defective condition of the sidewalk was not actually given to the Commissioner of Public Works, as required by section 8-115 (1) of the Charter of the City of Syracuse *(see, Dabbs v City of Peekskill,* 178 AD2d 577, 578; *Weinfeld v Roth Assocs.,* 177 AD2d 977, 978). The fact that the City may have acquired actual knowledge of the alleged defect through a notice of claim submitted to the Office of the Corporation Counsel does not excuse compliance with section 8-115 (1) *(see, Lalley v Adam, Meldrum & Anderson Co.,* 186 AD2d 1083; *Weinfeld v Roth Assocs., supra; Drzewieck v City of Buffalo,* 51 AD2d 870). Plaintiff's speculation that the City must have a procedure for promptly notifying the Commissioner of Public Works when a notice of claim is received by the Corporation Counsel and that further discovery is necessary to uncover that procedure *(see,* CPLR 3212 [f]) is insufficient to defeat summary judgment *(see, Dabbs v City of Peekskill, supra).* (Appeal from Order of Supreme Court, Onondaga County, Hurlbutt, J.—Summary Judgment.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.