[907 NE2d 292, 879 NYS2d 379]

NORMA GORMAN et al., Respondents, v TOWN OF HUNTINGTON, Appellant.

Argued February 18, 2009; decided April 7, 2009

**POINTS OF COUNSEL**

*Jaspan Schlesinger Hoffman LLP,* Garden City (*Maureen T. Liccione, Stanley Harwood* and *Stanley A. Camhi* of counsel), for appellant. I. The Town of Huntington's practices, even if in derogation of local law and statute, do not equitably estop the Town's written notice defense. (*Matter of New York State Med. Transporters Assn. v Perales,* 77 NY2d 126; *Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359; *Matter of Parkview Assoc. v City of New York,* 71 NY2d 274, 488 US 801; *Matter of Wedinger v Goldberger,* 71 NY2d 428, 488 US 850; *Scruggs-Leftwich v Rivercross Tenants' Corp.,* 70 NY2d 849; *Matter of City of New York v City Civ. Serv. Commn.,* 60 NY2d 436; *Granada Bldgs. v City of Kingston,* 58 NY2d 705; *Public Improvements v Board of Educ. of City of N.Y.,* 56 NY2d 850; *Matter of Hamptons Hosp. &*

*Med. Ctr. v Moore,* 52 NY2d 88; *Board of Supervisors of Richmond County v Ellis,* 59 NY 620.) II. The limited exception to the rule that estoppel is not available against a municipality is not applicable. (*Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662; *Matter of Hamptons Hosp. & Med. Ctr. v Moore,* 52 NY2d 88; *Matter of Parkview Assoc. v City of New York,* 71 NY2d 274; *Granada Bldgs. v City of Kingston,* 58 NY2d 705; *Seif v City of Long Beach,* 286 NY 382; *Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359.) III. The cases upon which the Appellate Division relied are inapposite. (*Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662; *Henry Boeckmann, Jr. & Assoc. v Board of Educ., Hempstead Union Free School Dist. No. 1,* 207 AD2d 773; *Matter of Parkview Assoc. v City of New York,* 71 NY2d 274; *Seif v City of Long Beach,* 286 NY 382; *Sagevick v Sanchez,* 228 AD2d 488; *Granada Bldgs. v City of Kingston,* 58 NY2d 705.)

*Thomas J. Lavallee,* Hauppauge, for respondents. I. Appellant should be estopped from asserting lack of statutory notice when it directed all inquiries of sidewalk defects to its Department of Engineering Services and delegated the record-keeping functions pertaining to sidewalk defects to the Department of Engineering Services rather than the Town Clerk. (*Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662.) II. Equitable estoppel is not applicable against a government agency only when it involves the discharging of statutory duties. (*Matter of New York State Med. Transporters Assn. v Perales,* 77 NY2d 126; *Scruggs-Leftwich v Rivercross Tenants' Corp.,* 70 NY2d 849; *Matter of Wedinger v Goldberger,* 71 NY2d 428, 488 US 850.)

*Corey A. Auerbach,* Albany, for the Association of Towns of the State of New York, amicus curiae. The decision of the Appellate Division, Second Department is contrary to long-standing rules of statutory construction and leaves municipalities unable to ascertain when their internal practices will vitiate their prior written notice laws. (*Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362; *Amabile v City of Buffalo,* 93 NY2d 471; *Poirier v City of Schenectady,* 85 NY2d 310; *MacMullen v City of Middletown,* 187 NY 37; *Conlon v Village of Pleasantville,* 146 AD2d 736; *Rodriguez v City of Mount Vernon,* 51 AD3d 900; *Schutz-Prepscius v Incorporated Vil. of Port Jefferson,* 51 AD3d 657.)

### OPINION OF THE COURT

PIGOTT, J.

Plaintiff Norma Gorman and her husband commenced this

personal injury action against defendant Town of Huntington claiming that an uneven piece of the Town's sidewalk in front of a local church caused her to trip and fall. Four months prior to plaintiff's fall, the church's pastor had written to the Town's Department of Engineering Services, the department responsible for the Town's sidewalks, complaining that the sidewalk needed repair.

The Town of Huntington has a prior written notice bylaw— section 174-3, similar in effect to Town Law § 65-a (2)—which provides in relevant part that a civil action may not be maintained against the Town for personal injuries

> "sustained by reason of any . . . sidewalk . . . operated or maintained by the town . . . being defective . . . unless written notice of the specific location and nature of such defective . . . condition by a person with first-hand knowledge was actually given to the Town Clerk or the Town Superintendent of Highways in accordance with § 174-5" (Huntington Town Code § 174-3 [A]).

Section 174-5 of the Town Code clearly states that service of the notice on a person other than the Town Clerk or Highway Superintendent "shall invalidate the notice." The Town Clerk is required to "keep an indexed record . . . of all written notices received" (Huntington Town Code § 174-4; *see* Town Law § 65-a [4]).

Following joinder of issue, the Town sought summary judgment on the ground that it had not received prior written notice of the defect as required by section 174-3 of its ordinance and section 65-a of the Town Law. In support of its motion, the Town submitted affidavits from Town Clerk and Highway Superintendent representatives that no such notice was located in their records.

Concluding that the Town had delegated its statutorily-imposed duty of keeping records pertaining to complaints of sidewalk defects from its Town Clerk and Superintendent of Highways to its Department of Engineering Services, both Supreme Court (2006 NY Slip Op 30216[U]) and the Appellate Division (47 AD3d 30 [2007]) held that the Town had waived strict compliance with its prior written notice law and granted plaintiffs summary judgment dismissing the Town's affirmative defenses asserting a lack of proper prior written notice under the statute. The Appellate Division then certified to this Court the question whether its opinion and order was properly made. We hold that it was not.

"Prior written notice provisions, enacted in derogation of common law, are always strictly construed" (*Poirier v City of Schenectady*, 85 NY2d 310, 313 [1995], citing *Doremus v Incorporated Vil. of Lynbrook*, 18 NY2d 362, 366 [1966]). Although this Court has recognized the existence of two exceptions that can excuse the lack of prior written notice (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]), plaintiffs do not claim that either exception applies.

The purpose of a prior written notice provision is to place a municipality on notice that there is a defective condition on publicly-owned property which, if left unattended, could result in injury. This ensures that a municipality, which is not expected to be cognizant of every crack or defect within its borders, will not be held responsible for injury from such defect unless given an opportunity to repair it. The policy behind this rule is to limit a municipality's duty of care over its streets and sidewalks "by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location" (*Poirier*, 85 NY2d at 314).

It does not mean, however, that every written complaint to a municipal agency necessarily satisfies the strict requirements of prior written notice, or that any agency responsible for fixing the defect that keeps a record of such complaints has, ipso facto, qualified as a proper recipient of such notice. Simply put, whereas a written notice of defect is a condition precedent to suit, a written request to any municipal agent other than a statutory designee that a defect be repaired is not (*see Misek-Falkoff v Village of Pleasantville*, 207 AD2d 332, 333 [2d Dept 1994] [claim by plaintiff "that certain other municipal departments may have received notice of the defect" was not sufficient to defeat the municipality's motion for summary judgment where the prior written notice provision expressly stated that written notice was to be filed with village clerk]; *Drzewiecki v City of Buffalo*, 51 AD2d 870 [4th Dept 1976] [prior written notice to city engineer, as opposed to the city clerk, who was statutorily designated to receive written notices of defect, found not to be sufficient, even where engineer acknowledged the defect and promised that it would be fixed]; *see also Farnsworth v Village of Potsdam*, 228 AD2d 79 [3d Dept 1997] [report of defect drafted by superintendent of public works and filed with that entity insufficient to comply with prior written notice of defect statute because it was not brought to the attention of the village clerk as required by the village code]; *Wisnowski v*

*City of Syracuse*, 213 AD2d 1069 [4th Dept 1995]; *Conlon v Village of Pleasantville*, 146 AD2d 736 [2d Dept 1989]). Nor can a verbal or telephonic communication to a municipal body that is reduced to writing satisfy a prior written notice requirement (*see McCarthy v City of White Plains*, 54 AD3d 828 [2d Dept 2008]; *Akcelik v Town of Islip*, 38 AD3d 483 [2d Dept 2007]; *see also Dalton v City of Saratoga Springs*, 12 AD3d 899 [3d Dept 2004]; *Camenson v Town of N. Hempstead*, 298 AD2d 543 [2d Dept 2002]).

■ Here, it is undisputed that neither the Town Clerk nor Highway Superintendent received prior written notice of the defective sidewalk. Because the Department of Engineering Services is not a statutory designee, notice to that department is insufficient for purposes of notice under Town Law § 65-a and section 174-3 of the Huntington Town Code. We are unpersuaded that the Department of Engineering Services' practice of recording complaints and repairs warrants a departure from our precedent strictly construing prior written notice provisions. As the entity charged with repairing town sidewalks, it is to be expected that the Department would keep a record of needed repairs and complaints but it cannot be inferred from that conduct that the Town was attempting to circumvent its own prior written notice provision.

■ We likewise reject the Appellate Division's holding that the Town was estopped from relying on its prior written notice provision. Even assuming that estoppel could serve as a third exception to excuse lack of prior written notice, there is no evidence that these plaintiffs relied on the correspondence sent by the pastor to the Department of Engineering Services or on any alleged assurances by that Department that it would repair the condition. Plaintiff testified that she did not learn of the pastor's correspondence until after her accident, demonstrating a lack of reliance.

Accordingly, the order of the Appellate Division should be reversed, with costs, defendant's motion for summary judgment granted, the complaint dismissed and the certified question answered in the negative.

CIPARICK, J. (dissenting). Because I believe there are unresolved questions of fact as to the record-keeping practices of the Town, I would vote to modify the order of the Appellate Division, by reinstating the fourth and fifth affirmative defenses set forth in defendant's verified answer, and otherwise affirm, and would answer the certified question in the negative.

As stated by the majority, both Town Law § 65-a (2) and Huntington Town Code § 174-3 (A) require that there be notice "to the town clerk or to the town superintendent of highways" before an action for damages arising out of an allegedly defective sidewalk may be maintained against the Town. We have recognized that such prior written notice statutes must be "strictly construed" (see Monteleone v Incorporated Vil. of Floral Park, 74 NY2d 917, 918 [1989]) in all but two circumstances (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]), not present here.

Based on their findings that defendant had "delegated" the statutorily-imposed duty of keeping records pertaining to complaints of sidewalk defects from its Town Clerk and Superintendent of Highways to its Department of Engineering Services (DES) (see Town Law § 65-a [3]-[4]; Huntington Town Code § 174-4), both Supreme Court and the Appellate Division held that defendant could not insist on strict compliance with the prior written notice laws under the unique circumstances of this case. In light of existing factual questions, regarding whether defendant indeed sought to usurp the prior written notice provisions of the Town Law and Huntington Town Code by completely transferring all statutory record-keeping duties from its Town Clerk and Superintendent of Highways to DES, I conclude that summary judgment, dismissing the fourth and fifth affirmative defenses alleging failure to comply with the Town's prior written notice law, was not warranted.

Here, defendant's cross motion for summary judgment, seeking dismissal of the complaint due to its lack of statutorily-required prior notice of the allegedly defective sidewalk, was supported by affidavits submitted by employees of the Huntington Town Clerk, Superintendent of Highways and DES and deposition testimony of a DES employee. The DES employee confirmed that his duties included maintaining an "index file system" to keep track of "sidewalk complaints" and that a division of DES, as opposed to the Town's Superintendent of Highways, "took care of curb and sidewalk complaints." The employee further confirmed that numerous complaints regarding the sidewalk relevant here were present in DES's files.

Contrary to the majority's position, I believe that the DES employee's affidavit and testimony does create an inference that the Town had supplanted the Town Clerk's and Superintendent of Highways' statutory record-keeping responsibilities by instituting a system in which DES would be solely responsible

for such record-keeping, and the Town Clerk and Superintendent of Highways affidavits do not negate that inference. Although those affidavits state that no written notices or complaints pertaining to the sidewalk on which plaintiff was allegedly injured are present within the Town Clerk's or Superintendent of Highways' files, the affidavits do not definitively state that either the Town Clerk or Superintendent of Highways were discharging their duty to maintain any sidewalk complaint records during the relevant time frame. Instead, the affidavits vaguely refer to the maintenance of records regarding some unspecified category of "complaints" and "written notice[s]." In my view, this factual proffer was insufficient to discharge the Town's summary judgment burden (*see Smalls v AJI Indus., Inc.*, 10 NY3d 733, 735 [2008], citing *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The record does not permit summary judgment in favor of plaintiffs, however. A town's decision to wholly displace the record-keeping duties of town agencies lawfully designated to act in such a capacity is not established as a matter of law by evidence that an employee of an agency such as DES—charged with the repair of sidewalks—maintains an indexed record of sidewalk complaints and that a member of the public relied upon a DES employee's instruction to submit a written request for potential sidewalk repairs to a DES supervisor. Indeed, I would be remiss to penalize towns by denying them the protection of valid prior written notice statutes based upon such an inconclusive predicate. I recognize, however, that substantial harm to the public could result if a town was permitted to covertly absolve itself of liability by completely altering the statutory record-keeping scheme and transferring all authority from lawfully designated agencies to another arm of town government not specified in the statutes. It is unclear if such a situation occurred here because the Town Clerk and Superintendent of Highways affidavits do not clearly indicate that those agencies were comporting themselves in compliance with the prior written notice provisions of the Town Law and Huntington Town Code. Therefore, I would remit for further factual development on this issue.

If, in fact, the Town has purposefully altered the record-keeping duties prescribed by the relevant statutes in favor of a system in which DES would solely assume those duties, then it would be manifestly unfair for the Town to disclaim the very agency relationship that it deliberately created. As the record

fails to definitively establish that the Town engaged in such a nefarious scheme here, the grant of summary judgment dismissing defendant's fourth and fifth affirmative defenses was not warranted.

Plaintiffs seek to estop the Town altogether from asserting a prior written notice defense. Although the Appellate Division found that estoppel was appropriate, I conclude that such finding was premature in light of the existing factual questions which must be resolved first.

SMITH, J. (dissenting). I agree in substance with Judge Ciparick's dissent, but write separately because I want to say directly what I believe she implies: If plaintiffs prove that the Town's unlawful conduct prevented the giving of notice pursuant to Huntington Town Code § 174-3 (A), the Town should be estopped from relying on that Code provision to defend this case.

Like all my colleagues, I conclude that the Appellate Division erred in finding that estoppel has been established as a matter of law. It is not clear to me, however, that a basis for estoppel cannot be established. More specifically, it is not clear to me that the Town has complied with its obligations under Town Code § 174-4, which says: ''The Town Superintendent of Highways shall transmit all notices of defect received by him or her pursuant to this article to the Town Clerk . . . The Town Clerk shall keep an indexed record, in a separate book, of all written notices received pursuant to this article.''

The record contains affidavits by two town employees, one from the Town Clerk's office and the other from the office of the Superintendent of Highways. Each employee says that ''part of my job duties is to maintain and search for records regarding complaints'' (the Town Clerk's employee adds ''and notices of claims''); that the employee has searched for records relating to a sidewalk defect at the location where plaintiff fell; and that the search was fruitless. But neither employee says that the Superintendent of Highways receives and transmits to the Town Clerk, or that the Town Clerk keeps an indexed record of, notices of such defects. In fact, neither employee says that any records of such defects exist, or have ever existed, in either office. There is evidence of one instance where a person concerned about a defect was told to notify the Department of Engineering Services (DES).

For all that appears in this record, DES may be the only town office that has ever kept any record of street or sidewalk defects.

If that is the case, the Town is in violation of its obligations under the Town Code, and it should be estopped from asserting a defense which would allow it to benefit from that violation.

To be clear, I do not suggest, and I do not think Judge Ciparick suggests, that an estoppel could exist merely because DES does the actual repair of roads and sidewalks or because, in order to do so, it must maintain a record of where the defects are. The majority is correct in saying that neither of these facts justifies ignoring the requirement of Town Code § 174-3 (A) that written notice of defects be "actually given to the Town Clerk or the Town Superintendent of Highways." But if DES is the *only* body in the town that maintains records of such defects, the case is different.

"We have repeatedly made clear that estoppel cannot be invoked against a governmental agency to prevent it from discharging its statutory duties" (*Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 130 [1990]). We have followed that rule even where the results are harsh (*Matter of Parkview Assoc. v City of New York*, 71 NY2d 274 [1988]; *Scruggs-Leftwich v Rivercross Tenants' Corp.*, 70 NY2d 849 [1987]). Those cases, however, are different in an important way from this one. In *Perales, Parkview* and *Scruggs-Leftwich*, a government agency had, in substance, authorized, invited or acquiesced in a private party's violation of the law. We held that the agency could not be estopped from changing its mind and enforcing the law strictly. We warned in *Perales* that to hold otherwise "could easily result in large scale public fraud" (77 NY2d at 130, quoting *Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359, 370 [1988]). The wisdom of that warning is clear to me, and I do not suggest we should retreat from this line of cases.

But this is not a case in which a government agency has treated, or said it would treat, a private party more favorably than the law permits. If the Town has indeed violated its record-keeping responsibilities, it has acted unlawfully in a way that injures private citizens, to the Town's advantage. In such a case, there is much less reason to shun the doctrine of estoppel. No one is seeking to prevent the Town from discharging its duties; there is no apparent danger of fraud.

We applied estoppel in *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662 [1976]), a case bearing more resemblance to this one than those I have previously cited.

*Bender*, like this case, involved a defense of noncompliance with a statute requiring written notice—in *Bender*, a notice of claim against the New York City Health and Hospitals Corporation (HHC). Plaintiffs in *Bender* had mistakenly given notice to the City, instead of HHC; they claimed that the City and HHC, represented by the same counsel, had misled them so that they did not correct their error until it was too late. We "specifically adopted the doctrine of estoppel in the notice of claim area" (*id.* at 668), and remitted the case "for a consideration of evidentiary facts as to whether or not there should be an estoppel" (*id.* at 669). I think a similar result is warranted here.

Judges GRAFFEO, READ and JONES concur with Judge PIGOTT; Judge CIPARICK dissents and votes to modify in a separate opinion in which Chief Judge LIPPMAN concurs; Judge SMITH dissents in another opinion.

Order reversed, etc.