# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**625**
**CA 10-02403**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

GENEVIEVE SCOVAZZO, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TOWN OF TONAWANDA, DEFENDANT-APPELLANT.

---

WALSH, ROBERTS & GRACE, BUFFALO (MARK DELLA POSTA OF COUNSEL), FOR DEFENDANT-APPELLANT.

CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered October 8, 2010 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action to recover damages for injuries that she sustained when she tripped and fell on the cover of a shut-off valve for a water main, which was allegedly above the grade of a sidewalk in defendant Town of Tonawanda (Town). Supreme Court erred in denying the Town's motion for summary judgment dismissing the complaint. The Town established its entitlement to judgment as a matter of law by submitting evidence in admissible form that prior written notice of the allegedly defective condition was not given to the Town Clerk or Town Superintendent of Highways, as required by section 68-2 of the Code of the Town of Tonawanda (*see* Town Law § 65-a [2]; *see also Hall v City of Syracuse*, 275 AD2d 1022; *Wisnowski v City of Syracuse*, 213 AD2d 1069). In opposition to the motion, plaintiff failed to raise a triable issue of fact whether such prior written notice was given (*see generally Wohlars v Town of Islip*, 71 AD3d 1007, 1008-1009). Although plaintiff sought to demonstrate that an exception to the prior written notice requirement applied by attempting to raise a triable issue of fact whether the Town "created the defect or hazard through an affirmative act of negligence" (*Amabile v City of Buffalo*, 93 NY2d 471, 474), plaintiff did not raise that theory of liability in her notice of claim, amended notice of claim or complaint. Thus, she is not permitted to raise it for the first time in opposition to defendant's motion for summary judgment (*see Semprini v Village of Southampton*, 48 AD3d 543, 544; *Keeler v*

*City of Syracuse*, 143 AD2d 518; *see generally Hogan v Grand Union Co.*, 126 AD2d 875).

Entered:  April 29, 2011                                        Patricia L. Morgan
                                                               Clerk of the Court