Nigro v Village of Mamaroneck (2020 NY Slip Op 03518)





Nigro v Village of Mamaroneck


2020 NY Slip Op 03518


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-11127
 (Index No. 50341/16)

[*1]Nora Nigro, appellant, 
v
Village of Mamaroneck, respondent, et al, defendant.


Philip F. Menna, White Plains, NY, for appellant.
Thomas K. Moore (Andrea G. Sawyers, Melville, NY [Dominic Zafonte], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated September 20, 2017. The order granted the motion of the defendant Village of Mamaroneck for summary judgment dismissing the complaint insofar as asserted against it and denied the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against that defendant.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Village of Mamaroneck for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff allegedly was injured when she tripped and fell on a defect in the sidewalk abutting a tree well on Mamaroneck Avenue in the Village of Mamaroneck. The plaintiff commenced this action to recover damages for personal injuries against the Village, among others. She alleged in her complaint and bill of particulars that the Village caused and created the defect. The Village moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not receive any prior written notice of the defect pursuant to the Code of the Village of Mamaroneck § 296-17. The plaintiff cross-moved for summary judgment on the complaint insofar as asserted against the Village. The Supreme Court granted the Village's motion and denied the plaintiff's cross motion. The plaintiff appeals.
" A municipality that has adopted a prior written notice law cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies'" (Sola v Village of Great Neck Plaza, 115 AD3d 661, 662, quoting Forbes v City of New York, 85 AD3d 1106, 1107 [internal quotation marks omitted]; see Poirier v City of Schenectady, 85 NY2d 310). "Two exceptions to the prior written notice requirement have been recognized, namely, where the locality created the defect or hazard through an affirmative act of negligence and where a special use confers a special benefit upon the locality" (Seegers v Village of Mineola, 161 AD3d 910, 911 [internal quotation marks omitted]; see Yarborough v City of New York, 10 NY3d 726, 728).
"[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (Foster v Herbert Slepoy Corp., 76 AD3d 210, 214). Here, the plaintiff alleged in her complaint and bill of particulars that the Village affirmatively created the defect that caused the accident. Therefore, in order to establish its prima facie entitlement to judgment as a matter of law, the Village had to demonstrate both that it did not have prior written notice of the defect and that it did not create the defect (see Loghry v Village of Scarsdale, 149 AD3d 714, 715; McManus v Klein, 136 AD3d 700, 701; Lima v Village of Garden City, 131 AD3d 947, 948). The Village established, prima facie, that it did not have prior written notice of the defect, but it failed to establish, prima facie, that it did not affirmatively create the alleged defect (see McManus v Klein, 136 AD3d at 701; Carlucci v Village of Scarsdale, 104 AD3d 797, 798-799; Braver v Village of Cedarhurst, 94 AD3d 933, 934). Therefore, the burden never shifted to the plaintiff to submit evidence sufficient to raise a triable issue of fact. Consequently, the Supreme Court should have denied the Village's motion for summary judgment dismissing the complaint insofar as asserted against it.
We agree with the Supreme Court's determination to deny the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against the Village. The plaintiff failed to establish as a matter of law that the Village created the defect in the sidewalk (see generally Loghry v Village of Scarsdale, 149 AD3d 714).
The plaintiff's remaining contention is without merit.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court