Horst v City of Syracuse (2021 NY Slip Op 00708)





Horst v City of Syracuse


2021 NY Slip Op 00708


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND BANNISTER, JJ.


763 CA 19-01591

[*1]GREGORY ROY HORST, PLAINTIFF-APPELLANT,
v
CITY OF SYRACUSE, DEFENDANT-RESPONDENT. 






SUGARMAN LAW FIRM, LLP, SYRACUSE (CORY J. SCHOONMAKER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
KRISTEN E. SMITH, CORPORATION COUNSEL, SYRACUSE (SARAH KNICKERBOCKER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered August 12, 2019. The order granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff commenced this negligence action seeking to recover damages for injuries he sustained when he was thrown from his bicycle after riding it into a pavement cutout in a street, which was located along the curb at the base of a sidewalk ramp and was concealed at that time by a puddle. Plaintiff appeals from an order granting the motion of defendant seeking summary judgment dismissing the complaint on the ground of lack of prior written notice. We reverse.
"Prior written notice of a defective or unsafe condition of a road or [sidewalk] is a condition precedent to an action against a municipality that has enacted a prior notification law" (Hawley v Town of Ovid, 108 AD3d 1034, 1034-1035 [4th Dept 2013]; see Gorman v Town of Huntington, 12 NY3d 275, 279 [2009]; Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]). With respect to the parties' respective burdens on a municipal defendant's motion for summary judgment asserting the absence of the subject condition precedent, the Court of Appeals has made clear that "[w]here the [municipality] establishes that it lacked prior written notice under [a prior notification law], the burden shifts to the plaintiff to demonstrate [the existence of a triable issue of fact as to the requisite written notice or] the applicability of one of [the] two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough v City of New York, 10 NY3d 726, 728 [2008]; accord Groninger v Village of Mamaroneck, 17 NY3d 125, 129 [2011]).
Plaintiff nonetheless contends that defendant, in order to meet its initial burden on the motion, had to establish both that it did not receive proper written notice and, because plaintiff so alleged in the pleadings, that it did not create the defect. Plaintiff's contention relies on a line of Second Department cases (see e.g. Nigro v Village of Mamaroneck, 184 AD3d 842, 843 [2d Dept 2020]; Beiner v Village of Scarsdale, 149 AD3d 679, 680 [2d Dept 2017]; Hill v Fence Man, Inc., 78 AD3d 1002, 1004 [2d Dept 2010]), which we decline to follow. The broader burden endorsed by the Second Department in such circumstances is contrary to Yarborough and its progeny (see generally Kenneth L. Gartner, Pothole Laws, Appellate Courts, and Judicial Drift, 19 J App Prac & Process 173, 184-185 [2018]), and contrary to our current case law applying standard Yarborough burden-shifting even where the plaintiff alleges in the pleadings that the municipality created the dangerous condition (see Benson v City of Tonawanda, 114 AD3d 1262, [*2]1262-1263 [4th Dept 2014]).
In addition, principles of summary judgment do not support the Second Department's approach. It is well established that "[a] party moving for summary judgment must demonstrate that 'the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment' in the moving party's favor" (Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014], quoting CPLR 3212 [b]; see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Where, as here, a municipality moves for summary judgment on its defense asserting the lack of written notice as a condition precedent to suit, the municipality sufficiently establishes that statutorily created defense by demonstrating, in the absence of any further requirement under the applicable prior notification law, that it did not receive prior written notice in the manner prescribed by the law (see Groninger, 17 NY3d at 129; Gorman, 12 NY3d at 279-280). If the municipality establishes its prima facie entitlement to summary judgment based on the lack of prior written notice, "the burden shifts to the plaintiff to come forward with evidentiary proof in admissible form demonstrating 'the existence of material issues of fact which require a trial of the action' " (Hoover v New Holland N. Am., Inc., 23 NY3d 41, 56 [2014]). Such material issues of fact could relate to receipt of the requisite written notice itself or to the applicability of either of the judicially recognized exceptions to the statutory protection afforded to the municipality by the prior notification law (see Groninger, 17 NY3d at 129; Yarborough, 10 NY3d at 728; see generally Amabile, 93 NY2d at 474-476).
Contrary to plaintiff's contention, we did not deviate from our case law and adopt the Second Department's approach in Beagle v City of Buffalo (178 AD3d 1363 [4th Dept 2019]). In that case, we merely determined on the record before us that the municipal defendant's own submissions in support of its motion for summary judgment raised a triable issue of fact whether it affirmatively created a dangerous condition (id. at 1366). Our determination that a municipal defendant's own papers defeated its entitlement to summary judgment by raising a triable issue of fact as to its affirmative creation of the alleged defect, thereby requiring denial of the motion (see CPLR 3212 [b]), is not the same as holding that a municipal defendant must, in the first instance as a matter of law, establish both that it did not receive proper written notice and that it did not create the defect when a plaintiff so alleges in the pleadings.
Applying the applicable legal standard, we conclude that defendant met its initial burden on the motion. Section 8-115 (1) of the Charter of the City of Syracuse states, in relevant part, that "[n]o civil action shall be maintained against the city for damages or injuries to person or property sustained in consequence of any street . . . being defective, out of repair, unsafe, dangerous or obstructed unless previous to the occurrence resulting in such damages or injury written notice of the defective, unsafe, dangerous, obstructed condition of said street . . . was actually given to the commissioner of public works and that there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect, danger or obstruction complained of." Here, defendant met its initial burden by submitting the affidavit of its commissioner of public works establishing that he did not receive prior written notice of the allegedly dangerous or defective condition in the street as required by its prior notification law (see Simpson v City of Syracuse, 147 AD3d 1336, 1337 [4th Dept 2017]; Duffel v City of Syracuse, 103 AD3d 1235, 1235 [4th Dept 2013]; Hall v City of Syracuse, 275 AD2d 1022, 1023 [4th Dept 2000]; see generally Groninger, 17 NY3d at 129). As a result, the burden shifted to plaintiff to demonstrate the existence of a triable issue of fact as to the requisite written notice or, as relevant here, the applicability of the affirmative negligence exception (see Groninger, 17 NY3d at 129; Yarborough, 10 NY3d at 728; Simpson, 147 AD3d at 1337).
We conclude that plaintiff failed to meet its burden of demonstrating the existence of a triable issue of fact as to the requisite written notice. It is well established that " '[p]rior written notice provisions, enacted in derogation of common law, are always strictly construed' " (Gorman, 12 NY3d at 279, quoting Poirier v City of Schenectady, 85 NY2d 310, 313 [1995]; see Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362, 366 [1966]). Thus, not "every written complaint to a municipal agency necessarily satisfies the strict requirements of prior written notice"; nor is it true that "any agency responsible for fixing the defect that keeps a record of such complaints has, ipso facto, qualified as a proper recipient of such notice" (Gorman, 12 NY3d at 279). "Simply put, whereas a written notice of defect is a condition precedent to suit, a written request to any municipal agent other than a statutory designee that a defect be repaired is not" sufficient to comply with the strict requirements of the law (id.). Similarly, "a verbal or [*3]telephonic communication to a municipal body that is reduced to writing [does not] satisfy a prior written notice requirement" (id.; see Hernandez v City of Syracuse, 164 AD3d 1609, 1609 [4th Dept 2018]; Tracy v City of Buffalo, 158 AD3d 1094, 1094 [4th Dept 2018]).
Here, plaintiff's submissions raised the possibility that a complaint about a defect at the subject location submitted to defendant two days prior to plaintiff's accident via its CityLine citizen reporting system was submitted online rather than by telephone (cf. Hernandez, 164 AD3d at 1609) and, thus, there is an issue of fact whether that complaint constituted the requisite "written notice" under the prior notification law (Syracuse City Charter § 8-115 [1]; see Van Wageningen v City of Ithaca, 168 AD3d 1266, 1267 [3d Dept 2019]; cf. Wolin v Town of N. Hempstead, 129 AD3d 833, 835 [2d Dept 2015]). Nonetheless, the prior notification law, which must be strictly construed, also requires that written notice be "actually given to the commissioner of public works" (Syracuse City Charter § 8-115 [1]), and plaintiff failed to raise a triable issue of fact in that regard. Inasmuch as the deposition testimony of defendant's employees submitted by plaintiff established that CityLine complaints were simply received by complaint investigators and routed through a computer system to the appropriate department, and that such complaints were stored solely in the electronic file on the computer system, there is no indication in the record that such complaints were actually given to the commissioner of public works as required by the prior notification law (see Gorman, 12 NY3d at 279-280). Moreover, the only reasonable inference to be drawn from this record is that CityLine complaints were maintained in an electronic format and were separate from the written notices kept in the office of the commissioner of public works. Plaintiff nonetheless asserts that there is a material issue of fact whether CityLine complaints were actually given to the commissioner of public works because such complaints were submitted to the department that he oversees and he may have had access to the those complaints through the computer system. We conclude that those assertions are insufficient to defeat defendant's motion for summary judgment because the applicable law requires that written notice be actually given to the commissioner of public works, not just the department he oversees (cf. Van Wageningen, 168 AD3d at 1267), and the suggestion that he may have had access to the CityLine complaints is speculative (see Wisnowski v City of Syracuse, 213 AD2d 1069, 1070 [4th Dept 1995]; see also Hall, 275 AD2d at 1023).
We agree with plaintiff, however, that he met his burden with respect to the affirmative negligence exception by raising a triable issue of fact whether defendant "affirmatively created the defect through an act of negligence . . . 'that immediately result[ed] in the existence of a dangerous condition' " (Yarborough, 10 NY3d at 728; see Simpson, 147 AD3d at 1337). Here, plaintiff submitted the deposition of defendant's public works superintendent, who testified that defendant was solely responsible for repairing potholes and did not subcontract for that work, but that a contractor was used for sidewalk, ramp, and curb work. If the contractor was putting a curb in, it would perform a cut in the street. Upon viewing the photograph of the subject defect, the superintendent testified that the defect was not a pothole and, instead, was a hole deliberately created as part of work on the curb. The photograph of the pavement cutout, also submitted by plaintiff in opposition to the motion, is consistent with the superintendent's assessment. Inasmuch as the superintendent testified that defendant did not perform that type of work, but that the cut in the street was consistent with the curb work that the contractor performed on defendant's behalf, there is circumstantial evidence that defendant created the defect through its contractor's actions and, thus, a triable issue of fact whether the affirmative negligence exception applies (see Santelises v Town of Huntington, 124 AD3d 863, 865-866 [2d Dept 2015]; Tumminia v Cruz Constr. Corp., 41 AD3d 585, 586 [2d Dept 2007]; Smith v City of Syracuse, 298 AD2d 842, 843 [4th Dept 2002]; see generally Wittorf v City of New York, 23 NY3d 473, 479 [2014]; Steuer v Town of Amherst, 300 AD2d 1104, 1105 [4th Dept 2002]). We reject defendant's contention that plaintiff is improperly relying on speculation in that regard. The superintendent's testimony that the subject defect was deliberately created by cutting the street as part of curb work and that the contractor performed that type of work on behalf of defendant is based on his personal knowledge and professional expertise, not speculation (see Smith, 298 AD2d at 843), and plaintiff is entitled under these circumstances to rely on circumstantial evidence that an agent of defendant created the defect (see Guimond v Village of Keeseville, 113 AD3d 895, 898 [3d Dept 2014]). We thus conclude that the court erred in granting defendant's motion.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court