Szuba v City of Buffalo (2021 NY Slip Op 02685)





Szuba v City of Buffalo


2021 NY Slip Op 02685


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


901 CA 20-00031

[*1]DAVID SZUBA AND RACHEL SZUBA, PLAINTIFFS-APPELLANTS,
v
CITY OF BUFFALO, DEFENDANT-RESPONDENT. 






LOTEMPIO P.C. LAW GROUP, BUFFALO (BOYD L. EARL OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered July 12, 2019. The order granted the motion of defendant for summary judgment and dismissed the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by David Szuba (plaintiff) when he allegedly slipped and fell on an ice-filled pothole on a street in defendant, City of Buffalo. Defendant moved for summary judgment dismissing the amended complaint, and Supreme Court granted defendant's motion. We affirm.
"Where, as here, a municipality has enacted a prior written notice statute, it may not be subject to liability for personal injuries caused by a defective street . . . condition unless it has received prior written notice of the defect, or an exception to the written notice requirement applies" (Zielinski v City of Mount Vernon, 115 AD3d 946, 947 [2d Dept 2014]; see Hawley v Town of Ovid, 108 AD3d 1034, 1034-1035 [4th Dept 2013]). Here, defendant "met its initial burden by establishing that it did not receive the requisite written notice of the allegedly defective [street] condition as required by section 21-2 of the [Charter of the City of Buffalo (City Charter)]" (Davison v City of Buffalo, 96 AD3d 1516, 1518 [4th Dept 2012]). Defendant submitted the affidavit of its City Clerk, who stated that the City Clerk's office had conducted a comprehensive search of the database in which such complaints are entered, and no complaints regarding a defective condition in or on the subject street were found (see Scafidi v Town of Islip, 34 AD3d 669, 669 [2d Dept 2006]). Thus, the burden shifted to plaintiffs to raise a triable issue of fact whether prior written notice was given (see Scovazzo v Town of Tonawanda, 83 AD3d 1600, 1601 [4th Dept 2011]) or "to demonstrate [the existence of a triable issue of fact as to] the applicability of one of [the] two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough v City of New York, 10 NY3d 726, 728 [2008]; see Groninger v Village of Mamaroneck, 17 NY3d 125, 129 [2011]; Horst v City of Syracuse, 191 AD3d 1297, 1297-1300 [4th Dept 2021]).
We conclude that plaintiffs failed to meet that burden. Although plaintiffs submitted evidence establishing that plaintiff had called defendant's 311 call center several months prior to the accident to report the poor condition of the subject street and to ask that potholes in the street be paved, that evidence does not raise a triable issue of fact whether prior written notice was given inasmuch as section 21-2 of the City Charter requires that such notice be provided to the City Clerk (see Gorman v Town of Huntington, 12 NY3d 275, 279-280 [2009]) and, in any event, it is well settled that verbal or telephonic communications to a municipal body, even if reduced [*2]to writing, do not satisfy a prior written notice requirement (see id. at 280; Hernandez v City of Syracuse, 164 AD3d 1609, 1609 [4th Dept 2018]; Rile v City of Syracuse, 56 AD3d 1270, 1271 [4th Dept 2008]).
Furthermore, plaintiffs failed to demonstrate the existence of a triable issue of fact as to the applicability of either of the two recognized exceptions to the prior written notice rule (see Gorman, 12 NY3d at 279; Tracy v City of Buffalo, 158 AD3d 1094, 1094 [4th Dept 2018]). To the extent that plaintiffs contend that they demonstrated the existence of a triable issue of fact whether defendant should be estopped from relying on its prior written notice provision under "a third exception to excuse lack of prior written notice" (Gorman, 12 NY3d at 280), we reject that contention. "Even assuming that estoppel could serve as a third exception to excuse lack of prior written notice," we conclude that plaintiffs failed to raise a triable issue of fact whether plaintiff justifiably relied on any representations by defendant (id.). Contrary to plaintiffs' contention, their submissions do not establish that plaintiff was directed by an employee of defendant to make his complaint about potholes to the wrong person or office (cf. Schutz-Prepscius v Incorporated Vil. of Port Jefferson, 51 AD3d 657, 658 [2d Dept 2008]; see also Gorman v Town of Huntington, 47 AD3d 30, 38 [2d Dept 2007], revd 12 NY3d 275 [2009]), and the record does not support the conclusory allegation of plaintiffs that defendant's 311 call center was "advertised" as the means to report dangerous conditions to defendant (see Groninger, 17 NY3d at 129-130; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court