Runge v City of N. Tonawanda (2023 NY Slip Op 03123)

Runge v City of N. Tonawanda

2023 NY Slip Op 03123

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

381.1 CA 22-01284

[*1]JOELL RUNGE, PLAINTIFF-RESPONDENT,
v
CITY OF NORTH TONAWANDA, DEFENDANT-APPELLANT, CRAZY JAKE'S INC., WEBSTER PROPERTIES OF WNY, INC., DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 

ROACH, LENNON & BROWN, PLLC, BUFFALO (J. MICHAEL LENNON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SHAW & SHAW, P.C., HAMBURG (LEONARD D. ZACCAGNINO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 
ROSENTHAL, KOOSHOIAN & LENNON, LLP, BUFFALO (J. PATRICK LENNON OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered August 3, 2022. The order denied the motion of defendant City of North Tonawanda for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the amended complaint and cross-claims against defendant City of North Tonawanda are dismissed.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she allegedly slipped and fell on a cracked portion of a sidewalk located adjacent to property owned by defendant Webster Properties of WNY, Inc. and leased to defendant Crazy Jake's, Inc. (collectively, cross-claim defendants) and located in defendant City of North Tonawanda (City). The City moved for summary judgment dismissing the amended complaint and all cross-claims against it, and Supreme Court denied the motion. We reverse.
"Where, as here, a municipality has enacted a prior written notice statute, it may not be subject to liability for personal injuries caused by a defective [sidewalk] . . . condition unless it has received prior written notice of the defect, or an exception to the written notice requirement applies" (Szuba v City of Buffalo, 193 AD3d 1386, 1387 [4th Dept 2021] [internal quotation marks omitted]). Here, the City "met its initial burden by establishing that it did not receive the requisite written notice of the allegedly defective [sidewalk] condition as required by [section 6.002 (d) of the North Tonawanda City Charter]" (id. [internal quotation marks omitted]; see Davison v City of Buffalo, 96 AD3d 1516, 1518 [4th Dept 2012]). Thus, the burden shifted to plaintiff and the cross-claim defendants to raise a triable issue of fact whether prior written notice was given (see Szuba, 193 AD3d at 1387; Scovazzo v Town of Tonawanda, 83 AD3d 1600, 1601 [4th Dept 2011]) or "to demonstrate [the existence of a triable issue of fact as to] the applicability of one of [the] two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough v City of New York, 10 NY3d 726, 728 [2008]; see Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128 [2011]; Horst v City of Syracuse, 191 AD3d 1297, 1297-1298 [4th Dept 2021]).
We conclude that plaintiff and the cross-claim defendants failed to meet that burden. In fact, plaintiff and the cross-claim defendants never contested the City's "proof that it had not [*2]received prior written notice of the defect, asserting, instead, that such notice was unnecessary" because the City had actual notice (Groninger, 17 NY3d at 129). However, "it is well settled that verbal or telephonic communications to a municipal body, even if reduced to writing, do not satisfy a prior written notice requirement" (Szuba, 193 AD3d at 1388). Furthermore, plaintiff and the cross-claim defendants failed to demonstrate the existence of a triable issue of fact as to the applicability of either of the two recognized exceptions to the prior notice requirement (see Tracy v City of Buffalo, 158 AD3d 1094, 1094 [4th Dept 2018]; see also Gorman v Town of Huntington, 12 NY3d 275, 279 [2009]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court