Sylvester v Sanders (2023 NY Slip Op 04056)

Sylvester v Sanders

2023 NY Slip Op 04056

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

518 CA 23-00097

[*1]AVION SYLVESTER, PLAINTIFF-APPELLANT,
v
KIMANI S. SANDERS, FAITH E. HARRIS, DEFENDANTS, AND CITY OF NIAGARA FALLS, DEFENDANT-RESPONDENT. 

WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
WALSH, ROBERTS & GRACE LLP, BUFFALO (JOSEPH H. EMMINGER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered November 21, 2022. The order, insofar as appealed from, granted the motion of defendant City of Niagara Falls insofar as it sought an order of protection striking items numbered 1, 2, 3, 4 and 6 of plaintiff's second notice to produce. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the motion insofar as it sought to strike items numbered 1, 2, 3, 4, and 6 of plaintiff's second notice to produce is denied.
Memorandum: Plaintiff commenced this personal injury action against defendant City of Niagara Falls (City), among others, following a motor vehicle accident on a City road. We agree with plaintiff that Supreme Court abused its discretion by granting that part of the City's motion seeking an order of protection striking certain discovery demands in plaintiff's second notice to produce. Those demands included requests for records related to City road maintenance and re-paving, work assignments, and associated budgets. CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." "The words, 'material and necessary', are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; see Garcia v Town of Tonawanda, 210 AD3d 1483, 1485 [4th Dept 2022]). "The issues framed by the pleadings determine the scope of discovery in a particular action" (Kern v City of Rochester, 261 AD2d 904, 905 [4th Dept 1999] [internal quotation marks omitted]).
We agree with plaintiff that the requested records are material and necessary to the issues raised in plaintiff's pleadings (see Garcia, 210 AD3d at 1485). The City contends that the demands struck by the court were palpably improper because they sought information related to claims precluded by the City's written notice statute (see Szuba v City of Buffalo, 193 AD3d 1386, 1387 [4th Dept 2021]). Inasmuch as there has been no determination as a matter of law regarding either the absence of the requisite written notice or the unavailability of a recognized exception to the written notice requirement (see id.), the court erred to the extent that it granted the motion.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court