Walters v City of Buffalo (2024 NY Slip Op 04684)

Walters v City of Buffalo

2024 NY Slip Op 04684

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, AND GREENWOOD, JJ.

612 CA 23-00899

[*1]VICKY L. WALTERS, PLAINTIFF-RESPONDENT,
v
CITY OF BUFFALO, DEFENDANT-APPELLANT, ET AL., DEFENDANT. 

BARCLAY DAMON LLP, BUFFALO (CHARLES J. ENGLERT, III, OF COUNSEL), FOR DEFENDANT-APPELLANT. 
DOLCE PANEPINTO, P.C., BUFFALO (JONATHAN M. GORSKI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Craig D. Hannah, J.), entered May 17, 2023. The order, insofar as appealed from, denied the motion of defendant City of Buffalo for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she allegedly slipped on ice and fell on a sidewalk located adjacent to the school where she worked. The sidewalk was owned by defendant City of Buffalo (City). The City moved for summary judgment dismissing the complaint against it, and Supreme Court denied the City's motion. We affirm.
It is well settled that " '[w]here, as here, a municipality has enacted a prior written notice statute, it may not be subject to liability for personal injuries caused by a defective [sidewalk] . . . condition unless it has received prior written notice of the defect, or an exception to the written notice requirement applies' " (Runge v City of N. Tonawanda, 217 AD3d 1405, 1405 [4th Dept 2023]; see Horst v City of Syracuse, 191 AD3d 1297, 1297-1298 [4th Dept 2021]).
Initially, we reject plaintiff's contention, raised as an alternative ground for affirmance, that the City's prior written notice statute is not applicable. Plaintiff contends that the sidewalk was constructed for the use of teachers, staff, students, and visitors of the school, and not the general public. Section 21-2 of the Charter of the City of Buffalo provides, in relevant part, that "[n]o civil action shall be maintained against the [C]ity for damage or injuries to person or property sustained in consequence of any . . . sidewalk . . . being defective, out of repair, unsafe, dangerous or obstructed, or in consequence of the existence or accumulation of snow or ice upon any . . . sidewalk . . . , unless" prior written notice was given to the city clerk (emphasis added). The plain meaning of the statute is that prior written notice is required with respect to any sidewalk owned by the City, and the purpose for which the sidewalk was constructed is not relevant (see generally Matter of Walt Disney Co. & Consol. Subsidiaries v Tax Appeals Trib. of the State of N.Y., — NY3d —, 2024 NY Slip Op 02127, *5 [2024]).
In support of its motion, the City established, and plaintiff does not dispute, that the City never received prior written notice of any defective condition. Thus, the burden shifted to plaintiff to raise a triable issue of fact on "the applicability of one of [the] two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough v City of New York, 10 NY3d 726, 728 [2008]; see Groninger v Village of Mamaroneck, 17 NY3d 125, 129 [2011]; Runge, 217 AD3d at 1405).
Plaintiff relies on only the first exception, i.e., that the City created the defective condition. The City submitted in support of its motion evidence that the sidewalk was installed as part of a renovation project. In opposition to the motion, plaintiff submitted a Master Design and Construction Agreement (Construction Agreement) showing that the City, through its agent, the Joint Schools Construction Board (Construction Board), hired a contractor to replace the sidewalk. Plaintiff also submitted the affidavit of her expert engineer, who inspected the area where plaintiff fell and opined that the sidewalk was substantially in the same condition at the time of construction as it was at the time of his inspection. In his opinion, the sidewalk was defectively designed and constructed inasmuch as it was improperly graded, which allowed water to pool and ice to form.
We reject the City's contention that it was not a party to the Construction Agreement. The Construction Agreement explicitly stated that the Construction Board was the agent for the City. Thus, the City was a party to the Construction Agreement through its agent, the Construction Board, and contracted for the replacement of the sidewalk. We also reject the City's contention that it cannot be held liable for the allegedly defective design of the sidewalk because the contractor, and not the City, designed and constructed the sidewalk. Inasmuch as the City hired the contractor that allegedly created the defective condition, we conclude that plaintiff raised a triable issue of fact whether the affirmative negligence exception applies (see Horst, 191 AD3d at 1301; Santelises v Town of Huntington, 124 AD3d 863, 865-866 [2d Dept 2015]).
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court